IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>   Plaintiff,<br> vs.<br><br>CENTURY INDEMNITY COMPANY., et al.,<br><br>   Defendants. | CIVIL NO. 06-4373 |

**RUFE, J.**                           May 30, 2007

**MEMORANDUM OPINION AND ORDER**

    This declaratory-judgment action, filed under the Declaratory Judgment Act ("DJA"),[1] arises out of a dispute over insurance coverage. It is related to <u>Arkema, Inc. v. Employers Insurance Company of Wausau</u>, No. 04-CV-1431 ("The Arkema Action"), which was pending before this Court until the parties entered into a settlement agreement, memorialized by a Stipulation of Dismissal entered on the docket on September 22, 2006. This Court has jurisdiction over this action under 28 U.S.C. § 1332.

    In the Arkema Action, Arkema, Inc., a chemicals manufacturer, sued three insurance companies: (1) Employers Insurance Company of Wausau; (2) American Employers' Insurance Company; and (3) Allstate Insurance Company, seeking a declaratory judgment on the parties' rights and obligations under several insurance policies. Arkema sought to collect payments under those insurance policies to cover claims that had been filed against it for injuries arising out of asbestos exposure.

---

[1] 28 U.S.C. § 2201.

On October 2, 2006, eleven days after the parties entered their Stipulation of Dismissal in the Arkema Action, Allstate filed the instant action against two of Arkema's other insurers: (1) Century Indemnity; and (2) Greater New York Mutual Insurance Company.[2] Allstate claims that to the extent that Arkema chose to collect under Allstate's policies, "Allstate is entitled to contribution from any other insurance triggered by the relevant claims."[3]  Allstate seeks contribution to its settlement liability to Arkema arising out of the Arkema Action, for example, a $1,450,000 claim that Allstate has already paid.[4]

Defendants have responded to the Complaint.  Greater New York has filed an Answer, which includes cross-claims against Century Indemnity.  Century Indemnity has filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b), which is now before this Court.

The Supreme Court has long held that a district court's decision to entertain an action filed under the DJA is discretionary.[5]  More recently, in Wilton v. Seven Falls Co.,[6] the Court stated that "[A] district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.  In the declaratory judgment context, the normal principle that federal courts should

---

[2] Century Indemnity (then known as California Union Insurance Company) insured Arkema or its predecessors under a policy covering the period January 1, 1979, to January 1, 1980.  Compl. ¶ 11.  Greater New York insured J.F. Jelenko, a subsidiary of Arkema or its predecessors, under a policy covering the period of August 14, 1969, to August 14, 1975.  Id. ¶ 12.

[3] Compl. ¶ 20.

[4] Compl. ¶ 26.

[5] Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).

[6] 515 U.S. 277 (1995).

adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[7] Century Indemnity asks the Court to dismiss the action as an exercise of this discretionary power. For the following reasons, the Court will not do so at this time.

Century Indemnity argues that this Court is bound to follow the Third Circuit's decision in State Auto Insurance Cos. v. Summy,[8] in which the court of appeals vacated a district court's decision to hear an insurance-coverage dispute, while a parallel state-court proceeding addressing the same issues was pending. The Court, however, finds that Summy does not apply to this case, at least in its current posture.

In Summy, a child suffering from lead-paint poisoning sued E&J Rentals, which owned the property where the child lived. When E&J Rentals asked its insurer, State Auto, to defend it under its insurance policy, State Auto refused, citing a "pollution-exclusion clause" in the policy. E&J and State Auto then began litigating their dispute in court: State Auto filed an action for declaratory judgment in this Court, while E&J filed an action for declaratory judgment in state court. The district judge refused to dismiss the federal action, despite the pendency of the parallel state action, and eventually granted summary judgment in favor of State Auto.

The Third Circuit, finding that "the District Court should have declined to exercise jurisdiction,"[9] vacated the judgment and directed that the complaint be dismissed. The court of appeals found that the district judge's decision to retain the case was antithetical to

---

[7] Id. at 288.

[8] 234 F.3d 131 (3d Cir. 2000).

[9] Id. at 131.

judicial efficiency, since the state court was also handling the same case;[10] it found that "[n]ot a single federal question was presented to the District Court by State Auto," and that therefore "no federal interests were promoted by deciding th[e] case in the District Court";[11] and it stated that "[i]n order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters."[12]

This Court finds that the considerations that the Summy court found important are simply not present in this case. In Summy, the question of whether State Auto was obligated to defend E&J under the pollution-exclusion clause was an unresolved question of Pennsylvania law. In fact, the Summy court cited two Pennsylvania actions that were then pending in the state appeals courts, both of which dealt with the question of the effect of pollution-exclusion clauses.

In contrast, Century Indemnity has filed no state-court action in this case. Thus, dismissing this action would advance the interest neither of judicial economy, nor of federal-state relations. And equally important, Allstate in this action seeks contribution under Pennsylvania law—no parties contend that this area of state law is unsettled. This Court is perfectly capable of applying Pennsylvania law, as it frequently does under its diversity jurisdiction. Hence, without a showing that the applicable area of state law is unsettled, and in the absence of a parallel state-court proceeding, this Court finds that the instant action does not fall within the ambit of Summy. To reiterate, the Supreme Court has stated that the "normal principle" is that "federal courts

---

[10] Id. at 135.

[11] Id. at 136.

[12] Id.

should adjudicate claims within their jurisdiction," yielding only to "considerations of practicality and wise judicial administration."[13] This Court concludes that dismissal of the instant action would be inconsistent with such practicality and wise judicial administration.

       An appropriate Order follows.

---

[13] Wilton, 515 U.S. at 288.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, : | |
| Plaintiff, : | |
| vs. : | CIVIL NO. 06-4373 |
| CENTURY INDEMNITY COMPANY., et al., : | |
| Defendants. : | |

## ORDER

**AND NOW**, this 30th day of May 2007, upon consideration of Century Indemnity's Motion to Dismiss [Doc. # 11], Allstate's Opposition thereto [Doc. # 15], and Century Indemnity's Reply Brief [Doc. # 18], it is hereby

**ORDERED**, that the motion is **DENIED;** and it is further

**ORDERED**, that Century Indemnity will file its Answer within twenty (20) days of the docketing date of this Order.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**