**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|   |   |   |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY,** | : | |
| **as successor-in-interest to NORTHBROOK** | : | |
| **EXCESS AND SURPLUS INSURANCE** | : | |
| **COMPANY, formerly NORTHBROOK** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **CIVIL NO. 06-4373** |
| **CENTURY INDEMNITY COMPANY,** | : | |
| **as successor to CCI INSURANCE COMPANY,** | : | |
| **as successor to CIGNA SPECIALTY** | : | |
| **INSURANCE COMPANY, formerly known as** | : | |
| **CALIFORNIA UNION INSURANCE** | : | |
| **COMPANY; and GREATER NEW YORK** | : | |
| **MUTUAL INSURANCE COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |

---

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                    **October 29th, 2009**

On April 15, 2009, Plaintiff Allstate Insurance Company ("Allstate") filed a Motion

for Summary Judgment against Defendants Century Indemnity Company ("Century") and Greater

New York Mutual Insurance Company ("GNY").[1]  On May 22, 2009, Century filed a Brief Opposing

Allstate's Summary Judgment and Supporting Century's Cross-Motions.[2]  In its opposition brief,

Century moves for a continuance and additional discovery pursuant to Federal Rule of Civil

Procedure 56(f).  Century contends that it did not have an opportunity to take discovery on the issue

---

[1] Doc. No. 49.

[2] Doc. No. 56.

of whether Century's policy contains an aggregate limit.  Century alleges that it failed to obtain this discovery because Allstate raised the issue at a deposition a mere three (3) days before the end of the discovery period.  In considering Century's Rule 56(f) motion, the Court has considered Allstate's Motion for Summary Judgment, Century's Motion in Opposition, and Allstate's Reply Brief to Century's Motion for Partial Summary Judgment and Cross-Motions.[3]   For the following reasons, Century's motion for a continuance and additional discovery is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL SUMMARY

A. Background

The claims between Allstate, Century, and GNY arise out of a settlement reached between Allstate and its insured, Arkema, Inc.[4]  Allstate originally issued quota share excess insurance to Arkema's predecessor, J.F. Jelenko, from January 1, 1977 to January 1, 1983.[5]  Century issued excess insurance to J.F. Jelenko from January 1, 1979 to January 1, 1980, and retained a 40% quota share of the same layer during the 1979-1980 policy period (Allstate retained 60% during that period).[6]  GNY issued the underlying primary insurance to J.F. Jelenko from August 14, 1969 to August 14, 1975.

The insured manufactured asbestos-containing dental products, and the underlying claimants allege exposure to the asbestos contained in these dental products during the parties'

---

[3] Doc. Nos. 49, 56 and 67.

[4] Compl. ¶¶ 21-26.

[5] Id. ¶ 10.  Northbrook Excess and Surplus Insurance Company ("Northbrook") originally issued the excess policies to J.F. Jelenko.  Id. ¶¶ 7, 10.  Allstate later acquired Northbrook and is Northbrook's sole successor-in-interest.  Id.

[6] Id. ¶ 11.  California Union Insurance Company ("Cal Union") originally issued the excess policy to J.F. Jelenko, and Century is Cal Union's successor-in-interest.  Id.

respective policy periods (1969-1983).[7]  The underlying claims consist of both products liability claims and premises liability claims.[8]  On April 1, 2004, Arkema filed a complaint against Allstate, Employers of Wausau, and Employers' Insurance Company in the Eastern District of Pennsylvania seeking a declaratory judgment as to the rights and obligation of each insurer regarding Arkema's asbestos liabilities.[9]  From June 15, 2004 through September 15, 2006, the court issued multiple orders staying the litigation to permit the parties to negotiate a settlement.[10]  As a result of the settlement discussions, Allstate and Arkema negotiated a settlement of Arkema's asbestos liabilities pursuant to a coverage-in-place agreement ("CIP").[11]  As of April 15, 2009, Allstate has paid $1,575,000 in indemnity and $183,294 in defense pursuant to the CIP.[12]

On October 2, 2006, Allstate filed a Complaint against Century and GNY seeking declaratory relief and contribution from each defendant.[13]  On December 21, 2006, GNY filed its Answer and a Cross-Claim against Century.  On June 20, 2007, Century filed its Answer and a Cross-Claim against GNY.  Pursuant to the Amended Scheduling Order dated May 21, 2008, the Court directed the parties to complete fact discovery by October 15, 2008; according to both parties' pleadings, the discovery deadline was extended thereafter until February 15, 2009.

---

[7] Compl. ¶¶ 13-16.

[8] Id. ¶ 14.

[9] Id. ¶ 21.

[10] Id. ¶ 23.

[11] Id. ¶¶ 24-25.  The court dismissed the underlying declaratory judgment action without prejudice on September 22, 2006.  Id.

[12] Pl.'s Br. in Supp. of Summ. J., at 2-4.

[13] Compl. ¶¶ 27-45.

B. Allstate's Motion for Summary Judgment

On April 15, 2009, Allstate filed a Motion for Summary Judgment against Century and GNY.  In its supporting brief, Allstate maintains, in part,[14] that Century's 1979-1980 policy does not contain an explicit aggregate limit.[15]  Allstate argues that "'[w]here . . . the language of the contract is clear and unambiguous, a court is required to give effect to that language.'"[16]  Therefore, Allstate requests the Court to "declare that the [Century] Policy has no aggregate limit."[17]

In response, Century filed a Brief in Opposition to Allstate's Motion for Summary Judgment and supporting affidavit.[18]  In its brief, Century contends that Allstate first raised the aggregate limit issue during the deposition of Century's witness, Alexandra Tanyoun (Allstate deposed Ms. Tanyoun on February 12, 2009).[19]  Century maintains that all paper discovery and the depositions of all of Allstate witnesses "had been completed *before* Allstate advanced the contention that the [Century] policy had no aggregate limit."[20]  Further, Century asserts that it attempted to obtain additional discovery after Allstate filed its summary judgment motion, but Allstate refused to respond to Century's requests.[21]  As a result of Century's alleged inability to take discovery on this

---

[14] The Court has not considered the claims for contribution in Allstate's Motion for Summary Judgment. Instead, the Court is setting those matters aside and addressing only Century's Rule 56(f) instant motion in this Memorandum Opinion and Order.

[15] Pl.'s Br. in Supp. of Summ. J., at 24.

[16] Id. (quoting Madison Constr. Co. v. The Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)).

[17] Id.

[18] Def. Century's Br. Opposing Pl.'s Mot. for Summ. J. and Supp. Def. Century's Cross-Mots.

[19] Id., at 14.  Century also claims it designated Ms. Tayoun for certain noticed topics, which did not include the alleged lack of an aggregate limit.  Id.

[20] Id. at 15 (emphasis in original).

[21] Id. at 15-16.

issue, Century requests an order for a continuance on the aggregate limit issue and additional discovery from Allstate pursuant to Federal Rule of Civil Procedure 56(f).[22]

Allstate counters that Century fails to establish how the request for additional discovery would be productive.[23]  First, Allstate contends that Century was aware, or should have been aware, that its policy did not contain an aggregate limit.[24]  Second, Allstate has produced its entire underwriting file as well as its corporate representatives for deposition, arguing that Century already has the information it needs on this issue.[25]  Finally, Allstate posits that, even assuming Century first learned of the aggregate limit issue on February 12, 2009 (at the deposition of Ms. Tayoun), Century had an opportunity to seek an extension for additional discovery prior to the February 15, 2009 discovery deadline.[26]

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56(f) provides that:

When Affidavits are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken,

---

[22] Id. at 17-18.

[23] Pl.'s Br. in Reply to Opp'n of Def. Century's Mot. for Partial Summ. J. and Cross-Mot., at 15.

[24] Id. 17-18.

[25] Id. at 18.

[26] Id.

or other discovery to be undertaken; or

(3) issue any other just order.[27]

The moving party's supporting affidavit must identify with specificity: (1) the particular information that is sought, (2) how, if uncovered, it would preclude summary judgment, and (3) why it has not been previously obtained.[28]  Further, the party requesting a continuance must demonstrate due diligence both in pursuing discovery before the summary judgment motion is filed, and in pursuing the continuance after the motion is made.[29]

### III.  DISCUSSION

As stated above, to prevail on a Rule 56(f) motion, the moving party must demonstrate with specificity: (1) the particular information that is sought, (2) how, if uncovered, that information would preclude summary judgment, and (3) why it has not been previously obtained.[30] Although Century's briefs and affidavits specify the information sought and the reason that the information was not previously obtained (*i.e.*, as a result of Allstate raising the issue of an aggregate limit at the end of the discovery period), Century does not specify how that information would alter the outcome of the Court's summary adjudication.  Nonetheless, "a district court is under a duty to ensure that an opposing party has been given a reasonable opportunity to compile an evidentiary

---

[27] FED. R. CIV. P. 56(f) (2009).

[28] Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 458 (3d Cir. 2003) (quoting Contractors Ass'n of Eastern Pa., Inc. v. City of Phila., 945 F.3d 1260, 1266 (3d Cir. 1991)); Kosmoski v. Express Times Newspaper, 2009 U.S. Dist. LEXIS 74868, at *8 (E.D. Pa. Aug. 24, 2009) (citing Bradley v. United States, 299 F.3d 197, 206-207 (3d Cir. 2002)).  However, because a court has discretion to decide motions under Rule 56(f), this list of factors is not exhaustive.  Horvath, 333 F.3d at 458.

[29] 11-56 MOORE'S FEDERAL PRACTICE – CIVIL § 56.10(8)(a) (2009).

[30] See Section II, supra.

record before ruling on a motion for summary judgment."[31]  As such, "Rule 56(f) should be liberally construed."[32]  The Court agrees with Century's contention that without the additional discovery, "the record on which this Court will be asked to adjudicate Allstate's motion will be incomplete."[33]

Further, the Court observes that Century has been otherwise diligent in pursuing discovery on the existence of an aggregate limit in Century's policy, notwithstanding Allstate's apparent efforts to raise the issue at the final hour.  Allstate belatedly raised the issue of the existence of an aggregate limit at a deposition three days before the fact discovery deadline.[34]  By that time, Century had timely completed its depositions of Allstate witnesses and obtained paper discovery.[35]  When Century attempted to obtain additional discovery on the issue of an aggregate limit after Allstate filed its summary judgment motion, Allstate refused to respond to Century's additional discovery requests.[36]  A few weeks later, Century filed the instant Motion for additional discovery.

Allstate asserts that, even assuming that Century did not learn of the aggregate limit issue until the deposition of Ms. Tanyoun, Century had an opportunity to seek an extension for discovery.  However, this "opportunity" consisted of three days.  It would be inequitable to deny Century additional discovery for failing to seek a discovery extension, in which Century's failure directly results from the curious manner in which Allstate raised this claim.

---

[31] See fn. 30, supra.

[32] Id.  Further, Rule 56(f) explicitly provides district courts with discretion to "issue any other just order" when ruling on a motion for continuance or additional discovery.  FED. R. CIV. P. 56(f)(3).

[33] Century's Br. Opposing Pl.'s Mot. for Summ. J. and Supp. Def. Century's Cross-Mots., at 16.

[34] Id. at 14.

[35] Id. at 15.

[36] Id. at 15-16.

Moreover, the lack of a fully developed record on all relevant issues impacts on this Court's accurate consideration of the legal and factual issues in this case.  The impact of this failure not only precludes this Court's present consideration of Allstate's Motion for Summary Judgment but also interjects a certain level of inequity into the mediation efforts that the Court has expected the parties to engage in to resolve their legal disputes.  Therefore, in the interest of justice and exercising the Court's discretion, Century's Motion pursuant to Rule 56(f) will be **GRANTED**.

An appropriate Order follows.